UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM R. WEISS ENTERPRISES, INC. ) <br> D/B/A TNT SALES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DI-MOND SALES, INC., ) <br> ) <br> Defendant. ) | Case No. 4:21 CV 967 MTS |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff William R. Weiss Enterprises, Inc. d/b/a TNT Sales' ("TNT") Motion for Default Judgment against Defendant Di-Mond Sales, Inc. ("Di-Mond"), pursuant to Fed. R. Civ. P. 55(b). For the reasons set forth below, TNT's Motion, Doc. [9], will be DENIED without prejudice.

TNT filed its Complaint in this matter on August 3, 2021, asserting claims for breach of contract, fraudulent misrepresentation, and negligent misrepresentation against Di-Mond. Doc. [1]. The Complaint and summons were served on Di-Mond. Doc. [8]. No timely answer or responsive pleading was filed by Di-Mond, in accordance with Fed. R. Civ. P. 12, and the Clerk of Court made an entry of default against it pursuant to Fed. R. Civ. P. 55(a). TNT subsequently filed a Motion for Default Judgment, along with supporting exhibits on December 16, 2021. In the Motion TNT seeks default expressly as to Count I of its Complaint for breach of contract, but not to Counts II or III for fraudulent and negligent misrepresentation, respectively. Further, TNT did not make clear how attorney's fees are available to it under Article 74 of the United Nations Convention on Contracts for the International Sale of Goods, as pleaded in its Motion; and if so, if attorney's fees are

1

recoverable at all as they weren't expressly provided for in the contracts. Even if attorney's fees were found to be recoverable by TNT, the information provided was not adequate.[1]

Accordingly,

**IT IS HEREBY ORDERED** that TNT's Motion for Default Judgment Against Di-Mond Sales, Inc., Doc. [9], is **DENIED without prejudice.**

Dated this 31st day of March, 2022

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[1] TNT seeks $15,008.50 in attorney's fees, representing 71.2 hours of time, at a rate ranging from $130.00 to $395.00 per hour in fees for attorney David M. Slaby, paralegals, and other attorneys for work done on the case from his office at the law firm of Paule, Camazine & Blumenthal, P.C. Doc. [9-2]. Mr. Slaby's affidavit states that his hourly, billable rate of $395.00 per hour, as well as the hourly, billable rates of the paralegals and other attorneys that worked on this matter, were reasonable and necessary. *Id.* However, he did not provide information showing that the hourly rate he customarily charges his clients or that other attorneys charge the same or similar rates in the community for similar services. The calculation of a reasonable fee begins with the lodestar amount, which is "determined by multiplying the number of hours reasonably expended by a reasonable hourly rate in the community." *See Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 429 n.3 (Mo. banc 2013).