UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM R. WEISS ENTERPRISES, INC., d/b/a TNT SALES, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) No. 4:21-cv-967-MTS ) |
| DI-MOND SALES, INC., | ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff William R. Weiss Enterprises, Inc. d/b/a TNT Sales' ("TNT") Motion for Default Judgment against Defendant Di-Mond Sales, Inc. ("Di-Mond"), pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. [11]. TNT filed the case on August 3, 2021, and Di-Mond was served with the Summons and Complaint on September 16, 2021. Doc. [6]. Di-Mond has not filed an answer or otherwise contested the Complaint. The Clerk of Court entered Di-Mond's default on October 19, 2021, consistent with Federal Rule of Civil Procedure 55(a), Doc. [8], and TNT subsequently moved the Court to enter a default judgment. Di-Mond has not responded to the entry of default or TNT's Motion.

At this stage, after the Clerk has entered default against Di-Mond, the facts alleged in TNT's complaint are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Still, the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* Here, TNT expressly seeks a default judgment as to Count I of its Complaint for breach of contract.[1] Taking the factual allegations as true, TNT and Di-Mond entered into a written contractual agreement

---

[1] In the Motion, TNT seeks entry of a default judgment expressly as to Count I of its Complaint for breach of contract but not to Counts II or III for fraudulent and negligent misrepresentation, respectively. Plaintiff must address these two remaining counts in the coming days. *See* Fed. R. Civ. P. 54(b).

("Agreement")[2] by which Di-Mond agreed to manufacture a total of sixty units of trailers and TNT agreed to purchase each of the sixty units manufactured by Di-Mond. Docs. [1-1], [1-3]. Di-Mond failed to manufacture and deliver the trailers to TNT in accordance with the deadlines for which the parties contracted. Di-Mond also unilaterally increased the prices for ten of the trailer units in contravention of the Agreement. Upon examination of the Complaint, Motion, and supporting affidavit and documents, the Court finds TNT has a legitimate cause of action based on Di-Mond's breach of the contract. *See Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010) (listing elements for breach of contract under Missouri law).

The Court now proceeds to the question of appropriate damages.[3] In its Motion, TNT asks for judgment in the principal sum of $94,823.00, plus $504.22[4] in court costs, and post-judgment interest at the rate of nine percent (9%) per annum. Doc. [11]. TNT asserts Di-Mond's breach of contract caused $94,823.00 in damages resulting from two breaches. First, Di-Mond failed to manufacture and deliver twenty-five of the sixty trailer units purchased by TNT under the terms of the Agreement. Di-Mond's failure to deliver these twenty-five trailers damaged TNT in the amount of $3,213 per trailer for a total of $80,325 in lost revenue. Second, Di-Mond unilaterally increased the prices for ten of the trailer units in contravention of the Agreement, which caused damage to TNT in the amount of $14,498.00 in lost profits. Additionally, TNT submitted evidence that it has incurred $504.22 in court costs because of TNT's breach. Doc. [11-1] ¶ 31. Therefore, Di-Mond's breach of contract has damaged TNT in the total amount of $94,823.00, plus $504.22 in court costs, for a total of $95,327.22.

---

[2] The First Agreement and the Second Agreement are collectively referred to herein as the "Agreement." *See* Docs. [1-1], [1-3].
[3] Once default has been entered against a defendant, "the allegations of the complaint, except as to the amount of damages[,] are taken as true." *Greater St. Louis Constr. Laborers Welfare Fund v. Gateway Constr. Servs.*, 4:20-cv-00808-SEP, 2020 WL 6483944, at *1 (E.D. Mo Nov. 4, 2020) (quoting *Greater St. Louis Constr. Laborers Welfare Fund v. AbatePro, Inc.*, 4:17-cv-02812-AGF, 2018 WL 5849980, at *1 (E.D. Mo. Sept. 6, 2018)).
[4] Plaintiff provides two different amounts for its costs in this matter. *Compare* Doc. [11-1] at 4 (referring to $504.22 in costs), *and* Doc. [11-2] at 3 (same), *with* Doc. [11] at 4 (referring to $594.22 in costs), *and* Doc. [11-2] at 3 (same). The Court will award the amount the President of TNT averred in his affidavit, $504.22. Doc. [11-1] ¶ 31.

Lastly, TNT sought "post-judgment interest" at "the rate of nine percent (9%) per annum." Doc. [11] at 4; *accord* Doc [11-2] at 3 ("post-judgment interest at 9% per annum to accrue in accordance with the law"). Plaintiff did not cite what statute or rule entitles it to post-judgment interest at nine percent; nor did Plaintiff provide any analysis on how nine percent was "in accordance with the law." *Compare* 28 U.S.C. § 1961, *with* Mo. Rev. Stat. § 408.040. Thus, the Court will not express an opinion on the appropriate amount of post-judgment interest in this case, if any. *But see Dennis v. Riezman Berger, P.C.*, 529 S.W.3d 318, 321 (Mo. banc 2017) (explaining that, under Missouri law, post-judgment interest for nontort actions is "awarded as a matter of law pursuant to § 408.040.1 and automatically accrues, regardless of whether the judgment expressly includes it"); *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 735 F.3d 993, 1007–08 (8th Cir. 2013) (citing *Dunn v. HOVIC*, 13 F.3d 58, 62 (3d Cir. 1993) (holding that "post[-]judgment interest is awarded by [28 U.S.C. § 1961] as a matter of law so it is automatically added, whether or not the district court orders it")).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [11], is **GRANTED**. Plaintiff is entitled to recover damages in the sum of $94,823.00 against Defendant Di-Mond Sales, Inc. with respect to Count I, and Plaintiff is entitled to recover costs in the sum of $504.22 against Defendant Di-Mond Sales, Inc.

A separate Partial Judgment of Default will accompany this Memorandum and Order.

Dated this 9th day of August, 2022.

                                            MATTHEW T. SCHELP
                                            UNITED STATES DISTRICT JUDGE